```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            Criminal No. 15-153(4)(DSD/TNL)
```

United States of America,

       Plaintiff,

v.                                                      **ORDER**

Joseph Francis Werb,

       Defendant.

    Manda M. Sertich, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Andrew S. Birrell, Esq., Paul C. Dworak and Gaskins Bennett Birrell Schupp LLP, 333 South Seventh Street, Suite 3000, Minneapolis, MN 55402 and Robert A. Lengeling, Esq. and Beito & Lengeling, PA, 310 Fourth Avenue South, Suite 1050, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the objections by defendant Joseph Francis Werb to the December 21, 2015, report and recommendation (R&R) of Magistrate Judge Tony N. Leung. The magistrate judge recommended that the court deny Werb's motions to suppress statements and to sever. The background of this matter is fully set forth in the R&R, and the court incorporates those facts by reference. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

**I.   Motion to Suppress**

Werb argues that his statements were the product of a custodial interrogation and should be suppressed because he was not read his Miranda rights. The magistrate judge, having conducted an evidentiary hearing, determined that under the totality of the circumstances, Werb was not in custody during the interview. The court agrees.

"Officers must inform suspects of their Miranda rights before subjecting them to custodial interrogations. Failure to do so results in a violation of the suspect's Fifth Amendment rights and renders any statement gained from the violation inadmissible in the government's case-in-chief." United States v. Sanchez, 676 F.3d 627, 630 (8th Cir. 2012) (citation omitted). In determining whether an interrogation was custodial, the court considers several factors, including:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; [and] (6) whether the suspect was placed under arrest at the termination of the questioning.

United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990). "The analysis depends upon a review of the totality of the circumstances, and [t]he ultimate test is whether a reasonable person in that position would have felt free to end the interview." Sanchez, 676 F.3d at 630-31 (alteration in original) (citation and internal quotation marks omitted). Werb argues that the magistrate judge erred because several factors weigh in favor of a finding that the interview was a custodial interrogation.

First, Werb argues that the R&R misapplied the first Griffin factor. However, before law enforcement interviewed Werb, police sergeant Nikkole Peterson informed him that he was not in custody, he was not under arrest, and that he did not have to speak with law enforcement. Werb argues that law enforcement was also required to inform him that he was free to leave. The Eighth Circuit, however, does not require such an advisement. See United States v. Czichray, 378 F.3d 822, 826 (8th Cir. 2004) ("That a person is told repeatedly that he is free to terminate an interview is powerful evidence that a reasonable person would have understood that he was free to terminate the interview. So powerful, indeed, that no governing precedent of the Supreme Court or this court ... holds that a person was in custody after being clearly advised of his freedom to leave or terminate questioning."). As a result, the court concludes that the first Griffin factor does not weigh in favor of a finding that Werb's interview was custodial.

3

Second, Werb argues that the R&R misapplied the second <u>Griffin</u> factor. The R&R acknowledged that Werb did not have complete freedom of movement during questioning. However, the R&R ultimately found that there was little to no support for the theory that Werb's partial restrictions made his questioning custodial. Notably, Werb was never handcuffed or physically handled by law enforcement at any point. When Werb asked to use the restroom, he was escorted to the door, but entered and used the facilities unsupervised. The court concludes that the second <u>Griffin</u> factor does not weigh in favor of a finding that Werb's interview was custodial.

Third, Werb argues that the R&R misapplied the fifth <u>Griffin</u> factor. The R&R acknowledged that the atmosphere of the questioning was police dominated due to the execution of the search warrant. However, "[a]ny warrant search is inherently police dominated; there is nothing untoward about that circumstance." <u>United States v. Perrin</u>, 659 F.3d 718, 721 (8th Cir. 2011); <u>see also</u> <u>United States v. Wallace</u>, 323 F.3d 1109, 1113 (8th Cir. 2003) (emphasis in original) ("[T]he fifth indicium is whether the <u>questioning</u>, not the execution of the search warrant, was police dominated."). Werb's assertion is mitigated by the fact that he was questioned in the comfort of his bedroom. <u>See</u> <u>Perrin</u>, 659 F.3d at 721 ("A reasonable person would have taken some comfort, however, in being in his own bedroom instead of an interrogation

4

room at the police station."); Czichray, 378 F.3d at 826 (quoting United States v. Rorex, 737 F.2d 753, 756 (8th Cir. 1984), and United States v. Helmel, 769 F.2d 1306, 1320 (8th Cir. 1985)) ("When a person is questioned 'on his own turf,' we have observed repeatedly that the surroundings are 'not indicative of the type of inherently coercive setting that normally accompanies a custodial interrogation.'"). The court concludes that the fifth Griffin factor does not weigh in favor of a finding that Werb's interview was custodial.

Werb does not contest the third, fourth, or sixth Griffin factors, all of which indicate that Werb's interview was not custodial. Given the totality of the circumstances, the court cannot conclude that Werb's interview constituted a custodial interrogation. As a result, the court overrules that objection to the R&R.

**II. Motion to Sever**

Werb seeks to sever his case for trial from that of his co-conspirators. In his objection, Werb raises no new arguments regarding his motion to sever, but incorporates the arguments made in his pre-hearing memorandum. See ECF No. 130.

**A.   Jury Compartmentalization Issues**

Werb first argues that a jury cannot reasonably be expected to compartmentalize the evidence as it relates to separate defendants. However, co-conspirators "will generally be tried together."

5

United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990); see also United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) ("Trying codefendants together not only conserves scarce time and resources, but also gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."). Joinder is proper if either (a) the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan," or (b) the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8.

Nevertheless, Rule 14(a) permits a court to sever co-defendant trials if joinder of the trials would prejudice a defendant. The court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). A general complaint of prejudice is an insufficient basis for severance. O'Meara, 895 F.2d at 1219. Rather, the defendant must affirmatively demonstrate a jury's inability to compartmentalize the evidence against the separate defendants. Id. Otherwise, proper jury instructions can cure the risk of prejudice. Zafiro v. United States, 506 U.S. 534, 540 (1993); see also United States v. Mickelson, 378 F.3d 810, 818 (8th

6

Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.").

There is good reason for joinder here. Werb is charged as a middleman in the conspiracy. He allegedly obtained stolen and fraudulently obtained unauthorized access devices from a co-conspirator (Temetrius Latonya Nickerson). He then allegedly sold those devices to another co-conspirator (Zibo Li), who in turn sold the devices to buyers in Hong Kong for substantial profits. Presenting the links in a conspiracy that lasted three years will give the jury the best perspective, and increase the likelihood of a correct outcome. Joinder will also conserve judicial time and resources because evidence against the various co-conspirators will likely overlap.

Werb fails to meet the standard for severance under Rule 14(a). Werb has not shown that a jury would be unable to compartmentalize evidence against each defendant. Further, Werb makes only a general argument that a limiting instruction will not alleviate a risk of prejudice. This is insufficient under the law. Accordingly, joinder is proper and jury instructions may be used to cure any risk of prejudice. The court overrules that objection to the R&R.

### B. **Bruton** Issues

Werb next argues that severance is necessary because there is a risk that extra-judicial statements by his co-conspirators could

violate his Sixth Amendment right to confrontation should that co-conspirator not testify. In <u>Bruton v. United States</u>, the court held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. 123, 137 (1968). "<u>Bruton</u>, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." <u>United States v. Singh</u>, 494 F.3d 653, 658 (8th Cir. 2007). "[C]o-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." <u>Id.</u> (citing <u>Crawford v. Washington</u>, 541 U.S. 36, 51-54 (2004)).

The government acknowledges <u>Bruton</u> and its progeny, and has stated that it will avoid any such issues by redacting any testimonial statements. <u>See</u> ECF No. 170, at 6 n.2, 13 n.4. Werb makes no argument as to why such redaction is insufficient. The court agrees with the R&R that redaction sufficiently cures the risk of prejudice arising from <u>Bruton</u> concerns. As a result, the court overrules that objection to the R&R.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objections [ECF No. 237] to the R&R are overruled;

2. The R&R [ECF No. 230] is adopted in its entirety;

3. The motion to suppress statements [ECF No. 123] is denied; and

4. The motion to sever [ECF No. 129] is denied.


Dated:  January 29, 2016.


                                                            s/David S. Doty  
                                                            David S. Doty, Judge  
                                                            United States District Court